FILED

AUG 13 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

Jon David Johnson
*Petitioner*

v.

Diana Hogan
*Respondent*
(name of warden or authorized person having custody of petitioner)

1:19-cv-05442
Judge John J. Tharp, Jr
Magistrate Judge M. David Weisman
PC 10

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Jon David Johnson
   (b) Other names you have used: _____

2. Place of confinement:
   (a) Name of institution: Elgin Mental Health Center
   (b) Address: 750 South State Street, Elgin, Illinois 60123
   (c) Your identification number: _____

3. Are you currently being held on orders by:
   ☐ Federal authorities   ☒ State authorities   ☐ Other - explain: _____

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: _____
   (b) Docket number of criminal case: _____
   (c) Date of sentencing: _____
   ☐ Being held on an immigration charge
   ☒ Other (explain): Court ordered to receive Out-Patient Mental Health Services after acquittal by Reason of Insanity. Currently under Supervised Release for 30 Month Period AND STILL CONFINED AT ELGIN MENTAL HEALTH CENTER DUE TO INABILITY TO FIND HALFWAY HOUSING.

Page 2 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)
   ☐ Pretrial detention
   ☐ Immigration detention
   ☐ Detainer
   ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
   ☐ Disciplinary proceedings
   ☒ Other *(explain)*: Finding of guilty beyond a Reasonable doubt, Preceeding acquittal by Reason of insanity, of Battery of a Police officer; Violation of Confrontation clause; Due-Process violations; legality of conditional Release

6. Provide more information about the decision or action you are challenging: For acquittee
   (a) Name and location of the agency or court: McHenry County Courthouse

   (b) Docket number, case number, or opinion number: 16CF170
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   Order that I am in need of Mental Health Services on an out-Patient Basis

   (d) Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes     ☒ No
   (a) If "Yes," provide:
      (1) Name of the authority, agency, or court: _____

      (2) Date of filing: _____
      (3) Docket number, case number, or opinion number: _____
      (4) Result: _____
      (5) Date of result: _____
      (6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal: <u>Illinois law Prohibits Appeals of acquittals by reason of insanity. People v. Harrison 226 ill 2d 427</u>

8. **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ❏ Yes  ❏ No
   
   (a) If "Yes," provide:
   
   (1) Name of the authority, agency, or court: _____
   
   (2) Date of filing: _____
   (3) Docket number, case number, or opinion number: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____
   
   (b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?
   ❏ Yes  ❏ No
   
   (a) If "Yes," provide:
   
   (1) Name of the authority, agency, or court: _____
   
   (2) Date of filing: _____
   (3) Docket number, case number, or opinion number: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?
☐ Yes   ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
☐ Yes   ☐ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes   ☐ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes  ☒ No
If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes  ☐ No
If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes  ☐ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

12. **Other appeals**

   Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
   ☐ Yes     ☒ No

   If "Yes," provide:
   (a) Kind of petition, motion, or application: _____
   (b) Name of the authority, agency, or court: _____

   (c) Date of filing: _____
   (d) Docket number, case number, or opinion number: _____
   (e) Result: _____
   (f) Date of result: _____
   (g) Issues raised: _____

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

   **GROUND ONE:** State did not meet their Burden of Proof in finding me Guilty Beyond a Reasonable Doubt of Battery to a Police officer. Court erred in finding Petitioner Not guilty by Reason of insanity evidence did not suffice and outright acquittal was only lawful Ruling

AO 242-(12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Before acquitting Petitioner by Reason of insanity, trial court first had to determine if a crime had been committed beyond a Reasonable doubt. The Court's finding of guilt was against the manifest weight of the evidence. Petitioner's liberty interests are being curtailed by the error of the court due to the imposition of a conditional Release. Illinois forbids appeals of this Nature. No Adequate State Remedy exists

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes   ☑ No

GROUND TWO: Confrontation Clause of Constitution was violated when Police officers did not testify against me.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
I did not make a knowing and intelligent waiver of my right to confront my accusers or cross examine them. This made it legally impossible to find Petitioner guilty beyond a Reasonable doubt before acquitting by Reason of insanity. Petitioner was denied his day in court by not allowing his accusers to be cross-examined

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes   ☑ No

GROUND THREE: Trial Counsel was ineffective by not challenging the State's failure to meet their Burden; Presenting any Affirmative Defense including self-defense; Did not ensure a knowing and intelligent waiver of jury trial, testify in one's defense, and Right to confront Accuser

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Trial Counsel made no effort to assert State did not meet their Burden of Proof; Petitioner was Brutally Beaten by four Police officers and did not have criminal intent of touching An officer but was trying to Protect himself. Trial counsel failed to assert any Defenses or that Police officer's conduct violated Petitioner's Constitutional Rights; Counsel did not assert constitutional Right to confront Accuser.

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☑ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

GROUND FOUR: Order revoking Petitioner's Bond is void abinitio upon finding of Not Guilty by Reason of insanity insofar that no expert testimony was rendered that Petitioner was a threat to himself or others

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Petitioner was out on Bond for 32 months during which he completed inpatient care, went to a sober living half-way house and maintained his sobriety to date. Petitioner was gainfully employed until suffering a Physical disability. Petitioner exhibited no signs or symptoms of any Mental Illness or dangerousness. Trial Court exceeded it's jurisdiction by depriving Petitioner's liberty with no expert testimony of Dangerousness. The void order renders future orders void including the order for conditional Release for 30 Months.

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes   ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: Defects in the trial include but not limited to failure to meet Burden of Proof and Constitutional violations are not appealable in acquittals by Reason of insanity. Appellate Process for due-process violations is inadequate insofar that the time needed to rule on the issues would exceed Petitioner's 30 Month Conditional Release

Request for Relief

15. State exactly what you want the court to do: Appoint counsel to make discovery Requests and fulfill Petitioner's Access to the Courts rights; Hold an evidentiary hearing and allow Petitioner to make Proof on his claims; Render a ruling consistent with notions of fairness and equity

## Ground Five

Imposition of conditional Release, otherwise known as Parole, is unconstitutional insofar that Parole is reserved exclusively for convicted defendants thus is a continued form of Punishment. Especially in light of the fact that any violations of Parole will result in the arrest of Petitioner and confinement in jail then subsequently transfered to Elgin Mental Health Center without regard to Petitioner's Present Dangerousness or state of mind. This unconstitutional imposition of Parole violates the nature of a "Full acquittal" and in turn is a "Alternative Sentencing"

This issue is not Appealable in Illinois due to acquittal Ruling

## Ground Six

Petitioner's due-process rights were violated when the trial court did not Rule on the issue of commitment in the thirty day limit as required by law but took no less than two-hundred and seventy days. Any delays attributed to Petitioner was caused by the Elgin Mental Health center's obstruction of Petitioner's right to have an independant evaluator examine him as well as the Elgin Mental Health Center's unconstitutional Policy of recommending every acquittee by Reason of insanity be involuntarily committed regardless of Present state of mind or Present dangerousness. This unconstitutional Policy and Practice resulted in fraudulent testimony by Elgin Mental Health center Psychiatrist Tahseen Mohammed that Petitioner was suicidal and needed involuntary commitment despite the fact Petitioner's Medical files show zero evidence of suicidality. Petitioner was compelled to obtain two evaluations to rebut the fraudulent testimony.

Illinois appellate Process is an ineffective remedy due to the Back log of cases awaiting the Appellate Defender. Petitioner would have served his unconstitutional Parole before his Appeal would be heard. Federal Review of due-process claims and equal claims are warranted in the interest of Justice

Ground Seven
Petitioner's right to equal Protection was violated due to Elgin Mental Health Center's Policies and Practices that differentiate "Forensic" commitment and "civil" commitment, and the fact that "Forensic" commitment treatment gives Fewer Rights to Petitioner and makes it more difficult for Petitioner to avoid involuntary commitment. This is further evidenced by the fact that after the event that led to Petitioner's arrest, Petitioner was committed to Elgin Mental Health Center and shortly released after being Acutely Psychotic due to Alcohol withdrawl. This unconstitutional Policy and Practice resulted in expert testimony against Petitioner that was based on the Unconstitutional Practice and Procedure. Trial court judge erroniously accepted the unconstitutional testimony which resulted in an order for out-patient Mental Health Services

Petitioner Adopts Above statement Pertaining to ineffective Appellate Process.

## Supplemental Jurisdictional Statement

Petitioner has not been convicted of a crime and does not meet the legal definition of "Prisoner". Petitioner is not invoking jurisdiction pursuant to the limited Statutory Habeas Corpus under 28 U.S.C. 2254. Petitioner invokes the Habeas Corpus as Preserved in the Suspension clause of the United States Constitution and guaranteed by the Northwest Ordinance. See Boumedian V. Bush

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 8/5/2019

_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any